UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM JAMES LEACH,

      Petitioner,

v.                                    Case No: 5:21-cv-281-BJD-PRL

WARDEN, FCC COLEMAN –
LOW,

      Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). Petitioner, who has not paid the filing fee, challenges the legality of his 2016 conviction imposed by the United States District Court for the Middle District of Florida, Orlando Division. See Petition at 2. He asserts he "was denied [his] Sixth Amendment right to effective assistance of counsel." Id. at 6. Petitioner seeks to invoke this Court's jurisdiction under § 2255's saving clause, asserting "§ 2255 is inadequate for challenging [his] conviction or sentence" because he is challenging not the validity of his conviction but the execution of his sentence. Id. at 3, 4. He also contends he could not present his claim in "any appeal because the facts supporting [his] claim [were] just recently discovered." Id. at 7.

Contrary to his assertion, Petitioner is in fact challenging the validity of his conviction. The sole ground he raises is ineffective assistance of counsel. Id. at 6, 7. Such a claim is cognizable under § 2255, and Petitioner fails to demonstrate a remedy under § 2255 is inadequate or ineffective such that he may proceed under the saving clause. See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079, 1090 (11th Cir. 2017) ("Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of [§] 2255 and undermines the venue provisions."). See also Smith v. FCC Coleman-Medium Warden, 701 F. App'x 929, 931 (11th Cir. 2017) ("A collateral attack on the validity of a federal conviction or sentence generally must be brought under 28 U.S.C. § 2255.").

Only in three narrow circumstances is a remedy under § 2255 "inadequate or ineffective to test the legality" of a petitioner's detention:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93). If a federal prisoner could have brought his claims in a § 2255 motion, the remedy is adequate and effective

even if those claims would have been foreclosed by binding precedent. McCarthan, 851 F.3d at 1086, 1090 (noting the "motion to vacate provided an adequate remedy" because the petitioner had the opportunity to raise the argument previously).

Petitioner did not answer the question on the form asking whether he "already filed a motion under 28 U.S.C. § 2255." See Petition at 3. But a review of Petitioner's criminal docket indicates he has not. See Case No. 6:16-cr-00019-CEM-T_S-1. Regardless, the sole sentencing court remains available, and Petitioner is not challenging the deprivation of good-time credits or a parole determination. As such, he may not proceed under § 2241 in this Court.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of May 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: William James Leach

3